IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON BURNIGHT,

    Petitioner,           No. CIV S-05-2019 MCE GGH P

  vs.

T. CAREY,

    Respondent.         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2002 decision by the Board of Prison Terms (BPT) finding him unsuitable for parole.

        Pending before the court is respondent's amended motion to dismiss filed December 12, 2005. On December 9, 2005, petitioner filed an opposition to respondent's original motion, which the court deems as an opposition to the amended motion. On May 23, 2006, petitioner filed a supplement to his opposition.

        Respondent first argues that the court lacks subject matter jurisdiction to consider the petition because petitioner has no liberty interest in being released on parole. Respondent confuses the subject matter jurisdiction of the court with failure to state a cognizable claim. Clearly, the court has subject matter jurisdiction over petitioner's habeas corpus claim pursuant

1

1  to 28 U.S.C. § 2254.  Federal question jurisdiction exists if the complaint (or petition) purports to
2  state a claim under federal law regardless of the validity of the claim.  Wheeldin v. Wheeler, 373
3  U.S. 647, 83 S. Ct. 1441, 1444 (1963).  Only if the stated federal claim is so wholly insubstantial
4  that even a preliminary review of the merits is not required does the federal court not have
5  jurisdiction.  Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773 (1946).  It is not every arguably failed
6  claim that deprives the district court of jurisdiction.  Here, petitioner properly invoked § 2254 for
7  the basis of his habeas claim.  His contentions that he was denied due process in the parole
8  setting process are not so insubstantial so as to deprive the court of jurisdiction.
9       Respondent next argues that there is no clearly established Supreme Court
10 authority holding that inmates have a liberty interest in parole under California law.  28 U.S.C. §
11 2254(d)(1) provides that an application for writ of habeas corpus shall not be granted unless
12 adjudication of the claim in state court resulted in a decision that was contrary to or an
13 unreasonable application of clearly established Supreme Court authority.
14       In Sass v. Cal. Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005),
15 Judge England found that the California parole scheme for indeterminate sentences does not
16 create a federal liberty interest.  Based on Judge England's ruling in Sass, the court recommends
17 that respondent's motion to dismiss be granted as to petitioner's claim alleging that there was
18 insufficient evidence to support the BPT decision finding him unsuitable for parole.  For the
19 following reasons, the court respectfully requests that Judge England reconsider Sass and deny
20 respondent's motion to dismiss this claim.
21       Although due process does not require the existence of a parole scheme,
22 California has established one.  Not all of the myriad procedures of the parole setting system are
23 pertinent here.  The court sets forth that part of the statutory section that is pertinent:
24 /////
25 /////
26 /////

(a) In the case of any prisoner sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Prison Terms shall meet with each inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding postconviction credit.  One year prior to the inmate's minimum eligible parole release date a panel consisting of at least two commissioners of the Board of Prison Terms shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. The panel shall consist solely of commissioners or deputy commissioners from the Board of Prison Terms.

The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the prisoner was sentenced and other factors in mitigation or aggravation of the crime.

Cal. Penal Code § 3041.

In compliance with the statutory mandate, the Board of Prison Terms issued regulations which guide it in finding prisoners convicted of life offenses with parole eligibility for parole setting. Cal. Code Regs. tit. 15, § 2402 sets forth the criteria for determining whether an inmate is suitable for parole.  Section 2402(a) provides that regardless of the length of time served, a prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.

Section 2402(c) sets forth the circumstances tending to show unsuitability.  The court lists those of significance here:

(1) Commitment Offense.  The prisoner committed the offense in an especially heinous, atrocious or cruel manner.  The factors to be considered include:

(A) Multiple victims were attacked, injured or killed in the same or separate incidents.

(B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style manner.

(C) The victim was abused, defiled or mutilated during or after the offense.

(D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.

(E) The motive for the crime is inexplicable or very trivial in relation to the offense.

(2) Previous Record of Violence. The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

(3) Unstable Social History. The prisoner has a history of unstable or tumultuous relationships with others.

(4) Sadistic Sexual Offenses. The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors. The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior. The prisoner has engaged in serious misconduct in prison or jail.

Section 2402(d) sets forth the circumstances tending to indicate suitability:

(1) No Juvenile Record. The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to the victims.

(2) Stable Social History. The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse. The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

(4) Motivation for the Crime. The prisoner committed his crime as the result of significant stress in his life, especially if the stress has built over a long period of time.

(5) Battered Woman Syndrome . . .

(6) Lack of Criminal History. The prisoner lacks any significant history of violent crime.

(7) Age. The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future. The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

1          (9) Institutional Behavior.  Institutional activities indicate an enhanced ability to function within the law upon release.

3          The Ninth Circuit has held that California's parole scheme gives rise to a cognizable liberty interest in release on parole.  <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir. 2003).  Respondent argues that the California Supreme Court recently found that Cal. Penal Code § 3041 is not mandatory and does not create a presumption that parole will be granted.  <u>In re Dannenberg</u>, 34 Cal.4th 1061, 1084, 1087-88 (2005).  Respondent argues that the California Supreme Court's decision in <u>Dannenberg</u> is not an unreasonable application of clearly established Supreme Court.  Pursuant to <u>Dannenberg</u>, respondent argues that petitioner has no liberty interest in parole.

        In <u>Sass</u>, supra Judge England found that no federal liberty interest was created because the wording of the parole statute, Cal. Penal Code 3041(a) ("a panel *shall normally* set a release date..) and §3041(b) ("the panel...*shall set* a release date...." was insufficiently mandatory. Judge England relied heavily on <u>In re Dannenberg</u>, 34 Cal. 4th 1061, 1098, 23 Cal. Rptr. 3d 417, 443 (2005).  However, even assuming that the "old" Supreme Court paradigm regarding creation of a liberty interest (mandatory act and underlying factual predicates) remains the analytical framework in which to judge the creation of right-to-parole liberty interests, <u>see</u> e.g., <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 378, 107 S.Ct. 2415, 2421(1987) (mandatory language in a parole statute creates a "presumption of release" and gives rise to a liberty interest), California law, both before and after <u>Dannenberg</u> finds that the California parole scheme for indeterminate offenses does create a liberty interest.

> In sum, the governing statute provides that the Board *must grant parole* unless it determines that public safety requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction. (Pen.Code, § 3041, subd. (b).) And as set forth in the governing regulations, the Board *must set a parole date* for a prisoner unless it finds, in the exercise of its judgment after considering the circumstances enumerated in section 2402 of the regulations, that the prisoner is unsuitable for parole. (Cal.Code Regs., tit. 15, § 2401.) Accordingly, parole applicants in this state *have an expectation that they will be granted parole* unless the Board finds, in the exercise of its

        discretion, that they are unsuitable for parole in light of the
circumstances specified by statute and by regulation.

In re Rosenkrantz,  29 Cal. 4th 616, 654, 128 Cal. Rptr. 2d 104, 138 (2003) (emphasis added).

      It is difficult to conceive of words which mirror the requirements of the Allen mandatory-act-in light-of-satisfied-factual-predicates paradigm more than the emphasized words of Rosenkrantz.  Indeed, Allen and Rosenkrantz use the same terminology, i.e. "presumption" of release and "expectation" of release.  These are the words of liberty interest creation.  It is not material that great discretion is vested within the administrative agency granting parole.  Allen supra.  See also the post-Dannenberg case of In re DeLuna,126 Cal. App. 4th 585, 591, 24 Cal. Rptr. 3d 643, 647 (2005):

> Penal Code section 3041, subdivision (b) requires the Board to "set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." *This statute creates a conditional liberty interest for a prospective parolee.* (Cf. Rosenkrantz, supra, 29 Cal.4th at p. 661, 128 Cal.Rptr.2d 104, 59 P.3d 174; McQuillion v. Duncan (9th Cir.2002) 306 F.3d 895, 901-902.) (emphasis added)[1]

See also In re Scott, 133 Cal. App. 4th 573, 590, 34 Cal. Rptr. 905 (Cal.App.1st Dist.2005) (noting, inter alia, that the governor's decision reversing a BPT decision in favor of parole "is subject to judicial review pursuant to the 'some evidence' standard set forth in Rosenkrantz...."). A recent case, Walker v. Alameda, 2006 WL 825445 (N.D.Cal. 2006) surveyed the recent cases and found that the majority of courts after Dannenberg continued to find a liberty interest in the California parole scheme.

      The undersigned can only find that Dannenberg did not abolish the liberty interest created by the California parole statutes only so recently established in Rosenkrantz.  Dannenberg

---

[1] Dannenberg did find that California prisoners had no liberty interest in a *uniform* parole date, 34 Cal. 4th at 1098 (n.18), 23 Cal. Rptr. 3d at 443 (citing Rosenkrantz); however, this is a far cry from holding that the parole scheme as a whole does not create a conditional liberty interest.

1  did not overrule <u>Rosencrantz</u>, and implied overrulings are extremely disfavored.  <u>Scheiding v.</u>
2  <u>Gen. Motors</u>, 22 Cal. 4th 471, 478, 93 Cal. Rptr. 2d 342, 346 (2000).  Indeed, California cases
3  after <u>Dannenberg</u> continue to find a liberty interest and cite <u>Rosencrantz.</u>  Therefore, <u>Biggs</u>
4  should not, and cannot, be cast aside based on the ambiguities in California law unless the Ninth
5  Circuit so holds.  For these reasons, the court respectfully requests that Judge England reconsider
6  his ruling in <u>Sass</u> and deny respondent's motion to dismiss.

7  Accordingly, IT IS HEREBY RECOMMENDED that respondent's December 12,
8  2005, amended motion to dismiss be granted.

9  These findings and recommendations are submitted to the United States District
10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11  days after being served with these findings and recommendations, any party may file written
12  objections with the court and serve a copy on all parties.  Such a document should be captioned
13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14  shall be served and filed within ten days after service of the objections.  The parties are advised
15  that failure to file objections within the specified time may waive the right to appeal the District
16  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17  DATED:   7/25/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

20  ggh:kj
burn2019.mtd